[Civ. No. 6252. First Appellate District, Division One.—December 17, 1928.]

RIA O'NEIL, Appellant, v. JOHN T. EDWARDS, Respondent.

The facts are stated in the opinion of the court.

Snook & Snook & Chase for Appellant.

Markell C. Baer for Respondent.

TYLER, P. J.—■ By this action plaintiff seeks to restrain defendant from using a portion of her property as a driveway. Defendant by answer and cross-complaint denied plaintiff's exclusive right to the property and claimed the right to the use thereof in common with plaintiff, and prayed for damages for the denial of the use. The trial court found in favor of defendant and entered judgment quieting title to a common driveway and restraining plaintiff from interfering therewith and granting defendant one dollar damages and costs of suit. The court made numerous findings from which it appears that defendant's title to the

easement had been fully established by grant, estoppel, prescription, and ratification. Appellant claims that certain of these findings are not supported by the evidence. There is no merit in the contention. It appeared in evidence that the predecessors in interest of the parties had on August 1, 1912, entered into a written agreement to construct a mutual driveway upon contiguous portions of their respective premises. This joint use was for the purpose of enabling the owners to reach the rear of their respective lots by automobile. This grant of easement was expressly created and designed by them to run with the land as a covenant, the agreement providing that "the common driveway shall be perpetual and shall attach to their heirs and assigns forever." Upon the execution of this agreement one of the parties thereto immediately constructed a garage upon his premises and made use of the driveway. The agreement was not recorded at the time plaintiff acquired title to one of the parcels of land impressed with the easement, but there is ample evidence to show that at that time the driveway was open, laid out, in visible existence, and was seen by her prior to the taking of her title. The evidence also shows that the driveway was used under a color of right and for many years after plaintiff acquired her property was so used without objection or hindrance and that plaintiff herself not only acquiesced in its use, but availed herself of its benefits.

A further review of the evidence would answer no useful purpose. It fully supports the findings of the trial court.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.